UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No.  1:15-cr-0152-SEB-TAB |
| SCOTT FOOR, | ) ) | - 06 |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

On February 27, 2019, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on April 16, 2018, and a Supplemental Petition filed on February 8, 2019.  [Dkts. 328 & 353.]  Defendant Foor appeared in person with his appointed counsel Joseph Cleary.  The government appeared by Michelle Brady, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Chris Dougherty.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Foor of his rights and ensured he had a copy of the Petition and the Supplemental Petition.  Defendant Foor orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Foor admitted violation nos. 1, 2, 3, and 4 as set forth in the Petition.  [Dkt. 328.]

3.    The allegations to which Defendant admitted, as fully set forth in the Petition, are:

**Violation**
**Number**         **Nature of Noncompliance**

1    **"You shall report to the probation officer in a manner and frequency directed by the probation officer."**

Scott Foor is considered an absconder. The probation officer last had in-person contact with the offender on March 29, 2018, at his residence. Since that time, the offender failed to report for two scheduled office appointments on April 10, 2018, and April 13, 2018. The probation officer made attempts to locate the offender at his residence on April 4, 2018, April 6, 2018, and April 10, 2018, with no contact established. The probation officer has left numerous voice-mail messages for the offender on his last known cell phone, and left messages for his brother, with whom he resides, with directions to contact this officer immediately with no response received.  The offender's whereabouts are unknown.

2    **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."**

The offender failed to appear for six random urine drug screens on the following dates:  February 3, 2018; February 4, 2018; April 8, 2018; April 10, 2018; April 11, 2018; April 12, 2018.

3    **"You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."**

The offender has rescheduled at least four mental health treatment appointments with Midwest Psychological. He failed to report for two treatment appointments in February and March of 2018.

    4        **"You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption."**

                On October 31, 2017, the offender submitted a urine screen to Volunteers of America, which tested positive for synthetic marijuana. The offender admitted to this officer that he smoked synthetic marijuana or "spice" to produce this positive result.

4. The government moved to dismiss violations nos. 5 and 6 as set forth in the the Supplemental Petition and the same was granted.

5. The Court finds that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is VI.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

6. The parties jointly recommended a sentence of fourteen (14) months with no supervised release to follow. Defendant requested placement at FMC Lexington, Kentucky.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in the Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of fourteen (14) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Magistrate Judge further recommends Defendant's placement at FMC Lexington, Kentucky.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 4 MAR 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal

Case 1:15-cr-00152-SEB-TAB   Document 368   Filed 03/04/19   Page 5 of 5 PageID #: 1814